## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO.

JOHN GING,

     Plaintiff,

v.

SMARTX ADVISORY SOLUTIONS, LLC,
a Foreign Limited Liability Company

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, JOHN GING ("Plaintiff"), by and through her undersigned attorney, hereby files this Complaint against Defendant SMARTX ADVISORY SOLUTIONS, LLC ("SMARTX," or "Defendant"), and says:

## **JURISDICTION AND VENUE**

1.    This action is brought against Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act") and Florida Common Law.

2.    Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.    Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

1

4.      All conditions precedent to this action have been performed or waived.

## PARTIES

5.      Plaintiff is a resident of Palm Beach County. During all times relevant to this Complaint, Plaintiff was employed by Defendant as an inside sales person, the responsibilities of which entailed sources new leads and onboarding. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6.      Defendant SMARTX is a Foreign Limited Liability Company organized and existing under and by virtue of the laws of Delaware and registered to do business within Florida. SMARTX has its principal place of business in West Palm Beach, Florida. Defendant SMARTX has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7.      SMARTX is a managed account technology company which sells technology solutions for asset management purposes.

8.      At all times relevant hereto, Defendant was a covered employer under the 29 U.S.C. § 203(d) and (s)(1) in that it had employees engaged in commerce or in the production of goods for commerce or that had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9.      At all times material to this Complaint, Defendant SMARTX has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 203.

10.     Defendant SMARTX, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

## GENERAL ALLEGATIONS (FLSA)

11.     Plaintiff is an employee covered by the FLSA in that he was employed by Defendant as an inside sales representative. He is therefore an "employee" under 29 U.S.C. §203(e).

12.     Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter.

13.     Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks within three years of the filing of this Complaint.

14.     During the entirety of Plaintiff's employment with Defendant, Plaintiff worked an average of approximately forty-five (45) to fifty (50) hours per week but Plaintiff was not properly paid overtime for the hours worked over forty (40) in a work-week.

15.     At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

16.     Defendant paid Plaintiff a salary plus commission wages such that Defendant failed to compensate Plaintiff at one-and-one half times his regular rate of pay for all hours worked in excess of forty (40) hours per week.

17.     Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

18.     Defendant failed to maintain accurate records of all the actual start times, actual stop times, hours worked each day, and total hours worked each week by Plaintiff.

19.     Defendant had knowledge of the hours worked in excess of forty (40) hours per week by Plaintiff for the benefit of the Defendant, but Defendant nonetheless willfully failed to compensate Plaintiff at one-and-one half times his regular rate of pay as required by the FLSA.

20.     The complete records concerning the compensation actually paid to Plaintiff are in the possession, custody, and/or control of Defendant.

### GENERAL ALLEGATIONS (UNPAID WAGES)

21.     Plaintiff accepted Defendant's offer of employment and the parties agreed that Plaintiff would be compensated through a base salary plus commissions.

22.     Plaintiff's commissions were to be paid out on a monthly basis as follows:  20% of the net revenue for non-Advent deals; 15% of the net revenue for Advent deals; and 10% of net revenue for inbound leads and referrals.

23.     Commissions are paid out to Plaintiff on the last day of the month.

24.     Defendant has not properly paid Plaintiff all his commissions that are due. Specifically, Defendant failed to pay Plaintiff's commission in the amount of $30,000 that was due on a non-Advent deal due on or about August 31, 2020. Further, Defendant has not paid Plaintiff any commissions since the end of August, 2020.

25.     Despite numerous attempts by Plaintiff to obtain the unpaid commissions from Defendant, Plaintiff has yet to receive any of the compensation owed to him.

26.     Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

27.     Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I – VIOLATION OF FLSA/OVERTIME

28.     Plaintiff re-alleges and re-aver paragraphs 1 – 20 as fully set forth herein.

29.     During the course of Plaintiff's employment, Defendant has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times their regular rate.

30.     During the entirety of Plaintiff's employment, Plaintiff worked an average of approximately forty-five (45) to fifty (50) hours per week.

31.     Plaintiff was only paid straight time and never overtime.

32.     Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee.

33.     Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

34.     By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

35.     As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

36.     Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff JOHN GING demands judgment for:

    a.     Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

    b.     Interest on the amount found due;

    c.     Liquidated damages;

    d.     Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

    e.     Such other relief as the Court deems just and proper.

## COUNT II: UNPAID WAGES

37.     Plaintiff re-alleges and re-avers paragraphs 1 – 10 and 21-27 as fully set forth herein.

38.     Throughout his employment, Plaintiff and Defendant entered into an oral agreement whereby Plaintiff was to perform services as an inside sales representative in exchange for payment from Defendant.

39.     According to the oral agreement, Defendant agreed to pay Plaintiff a salary of $50,000 year plus commissions.

40.     Pursuant to the agreement between Plaintiff and Defendant, Defendant agreed to pay Plaintiff 20% of the net revenue on non-Advent deals.

41.     Plaintiff earned a commission in the amount of $30,000 by closing a non-Advent deal that brought in a net revenue of $150,000 on the implementation fee.

42.     Defendant has failed to pay Plaintiff's $30,000 commission on the non-Advent deal that became due on August 31, 2020.

43.     Further, Defendant has failed to pay Plaintiff's commissions that are due monthly since August 2020.

44.     As a result of Defendant's failure to compensate Plaintiff properly, he has suffered monetary damages.

WHEREFORE, Plaintiff JOHN GING requests judgment for:

a.     Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

b.     Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. § 448.08; and

c.     Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff JOHN GING hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated:  October 19, 2020.

> **LAW OFFICES OF CHARLES EISS, P.L.**
> Attorneys for Plaintiff
> 7951 SW 6th Street, Suite 112
> Plantation, Florida 33324
> (954) 914-7890 (Telephone)
> (855) 423-5298 (Facsimile)
>
> By:     **/s/ Charles Eiss**
> CHARLES M. EISS, Esq.
> Fla. Bar #612073

7

chuck@icelawfirm.com
Shanna Wall, Esq.
Fla. Bar #0051672
shanna@icelawfirm.com